PECK, APPELLANT, *v.* MARSHALL, SUPT., ET AL., APPELLEES.

[Cite as Peck *v.* Marshall (1986), 22 Ohio St. 3d 78.]

(No. 85-620—Decided February 5, 1986.)

*James F. Peck, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Alexander G. Thomas,* for appellee Superintendent of the Southern Ohio Correctional Facility.

*Per Curiam.* The issue is whether the juvenile court has exclusive original jurisdiction to hear and determine cases of adults charged with sexual activity with a minor in violation of R.C. Chapter 2907 (sex offenses) where such offenses might also constitute a violation of R.C. Chapter 2151 (juvenile court). Our answer is in the negative.

Appellant relies on R.C. 2151.23(A)(5) which reads:

"The Juvenile Court has exclusive original jurisdiction under the Revised Code:

"'* * *

"(5) To hear and determine all criminal cases charging adults with the violation of any section of Chapter 2151 of the Revised Code."

Appellant was charged with and convicted of three counts of rape, in violation of R.C. 2907.02. R.C. 2151.23 is the legislative enactment conferring jurisdiction on the juvenile court and such enactment explicitly limits the court "[t]o hear and determine all criminal cases charging adults with the violation of any section of Chapter 2151 of the Revised Code." While appellant might, for example, have been charged with and convicted of abusing a child under R.C. 2151.41, the fact is that he was not. R.C. 2151.23(A)(5) thus contradicts, rather than supports, appellant's contention.

Inasmuch as appellant was convicted and sentenced by the court of common pleas, a court of competent jurisdiction, the judgment of the court of appeals dismissing the complaint is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.